IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| VICTOR MATEO, | § | |
| | § | |
| Defendant-Petitioner, | § | |
| | § | |
| VS. | § | CRIMINAL NO. H-01-0521-04 |
| | § | |
| UNITED STATES OF AMERICA, | § | |
| | § | |
| Plaintiff-Respondent. | § | |
| | § | |
| CIVIL ACTION H-05-4306 | § | |

**MEMORANDUM AND OPINION**

Victor Mateo filed a motion under 28 U.S.C. § 2255, seeking to vacate his 2002 conviction and 235-month sentence for cocaine trafficking and conspiracy. Mateo asserts the following grounds for vacating his conviction and sentence:

(1) trial counsel rendered ineffective assistance at sentencing by failing to challenge the court's quantity finding of 200 kilograms;

(2) appellate counsel rendered ineffective assistance by failing to raise the breached plea agreement on appeal; and

(3) under *Blakely*, Mateo's right to a jury trial was violated because the judge's sentence was based on a misunderstanding of the statutory maximum.

(Docket Entry No. 321, Section 2255 Motion, pp. 6a-6j).

The government argues in its motion for summary judgment that dismissal of Mateo's § 2255 Motion to Vacate, Set Aside, or Correct Sentence is warranted because in his written

plea agreement, Mateo waived his right collaterally to challenge his conviction and sentence. The government asserts that the waiver is knowing and voluntary. Mateo has responded. (Docket Entry No. 349).

Based on the motion and response, the parties' submissions, the record, and the applicable law, this court grants the government's motion for summary judgment and, by separate order, enters final judgment. The reasons are set out in detail below.

## I. Background

Vidal Mateo, Virgey Mateo-Tavarez, Victor Mateo, Jose Baez-Baez ("Baez"), and Jose Palacio were named in a four-count superseding indictment issued on September 12, 2001. (Docket Entry No. 32). Vidal Mateo, Virgey Mateo, Victor Mateo, and Baez were charged with conspiracy to distribute more than five kilograms of cocaine from February 1, 2000 to June 1, 2001, in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(A) and 846 (Count I); aiding and abetting the distribution of more than five kilograms of cocaine on November 30, 2000, in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(A) and 18 U.S.C. § 2 (Count II); and aiding and abetting the distribution of more than 500 grams of cocaine on May 31, 2001, in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(B), 846 and 18 U.S.C. § 2 (Count III). (*Id.*). Palacio was charged with aiding and abetting the distribution of more than 500 grams of cocaine on May 31, 2001, in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(B) and 18 U.S.C. § 2 (Count IV).

On April 12, 2002, Victor Mateo pleaded guilty to count three of the superseding indictment. (Docket Entry No. 124). On September 8, 2003, this court sentenced Mateo to

235 months imprisonment, a five-year supervised-release term, and a $100 special assessment. (Docket Entry No. 230).

On January 15, 2004, the Fifth Circuit affirmed Mateo's conviction and sentence. The Fifth Circuit concluded that "[o]ur independent review of counsel's brief, Mateo's response, and the record discloses no nonfrivolous issues for appeal." *United States v. Victor Mateo*, 110 Fed. Appx. 399, No. 03-20923 (5th Cir. 2004). (Docket Entry No. 266). The Fifth Circuit noted that the indictment had charged Mateo with attempted distribution of more than 500 grams of cocaine. (Docket Entry No. 266, p. 2). This same offense was listed in the plea agreement and in the rearraignment. (*Id.*). The judgment, however, listed the offense of conviction as being possession of more than 500 grams of cocaine with intent to distribute. The Fifth Circuit remanded for correction of the clerical error. (*Id.*). This court entered an amended judgment on November 15, 2004. (Docket Entry No. 269). On October 11, 2005, the United States Supreme Court denied Mateo's petition for a writ of certiorari. *United States v. Mateo*, 546 U.S. 954 (2005).

Mateo filed this motion to vacate, set aside, or correct the judgment under 28 U.S.C. § 2255 on December 19, 2005. (Docket Entry No. 321). Mateo's claims and the government's arguments for summary judgment as to those claims are examined below.

## II. The Applicable Legal Standards

Mateo is proceeding *pro se*. Courts construe *pro se* litigants' pleadings under a less stringent standard than is applied to pleadings filed by attorneys. *See Haines v. Kerner*, 404 U.S. 519 (1972); *Bledsue v. Johnson*, 188 F.3d 250, 255 (5th Cir. 1999). Pleadings filed by

a *pro se* litigant are liberally construed. *See Haines*, 404 U.S. at 521; *see also United States v. Pena*, 122 F.3d 3, 4 (5th Cir. 1997) (citing *Nerren v. Livingston Police Dept.*, 84 F.3d 469, 473 & n.16 (5th Cir. 1996)).

28 U.S.C. § 2255 provides in relevant part that:

> [a] prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence.

"Section 2255 provides the primary means of collateral attack on a federal sentence. Relief under this section is warranted for any error that occurred at or prior to sentencing." *Cox v. Warden, Federal Detention Center*, 911 F.2d 1111, 1113 (5th Cir. 1990) (internal quotations and citations omitted). A section 2255 motion requires an evidentiary hearing unless the motion, the files, and the record conclusively show the prisoner is entitled to no relief. *United States v. Bartholomew*, 974 F.2d 39, 41 (5th Cir. 1992).

To obtain collateral relief under 28 U.S.C. § 2255, a petitioner "must clear a significantly higher hurdle" than on direct appeal. *United States v. Frady*, 456 U.S. 152, 166 (1982). A "'collateral challenge may not do service for an appeal.'" *United States v. Shaid*, 937 F.2d 228, 231 (5th Cir. 1991) (en banc) (quoting *United States v. Frady*, 456 U.S. 152, 165 (1982)), *cert. denied*, 112 S. Ct. 978 (1992). When a defendant has been convicted and his conviction has been upheld on direct appeal, there is a presumption that the defendant's

conviction is fair and final. *United States v. Cervantes*, 132 F.3d 1106, 1109 (5th Cir. 1998). "As a result, review of convictions under section 2255 ordinarily is limited to questions of constitutional or jurisdictional magnitude, which may not be raised for the first time on collateral review without a showing of cause and prejudice." *Id.*; *see also United States v. Williamson*, 183 F.3d 458, 462 (5th Cir. 1999). If the error is not of constitutional or jurisdictional magnitude, the defendant must show that "the error could not have been raised on direct appeal, and if condoned, would result in a complete miscarriage of justice." *Id.* at 232 n.7, quoted in *United States v. Pierce*, 959 F.2d 1297, 1301 (5th Cir.), *cert. denied*, 506 U.S. 1007 (1992). This procedural default rule bars section 2255 relief as to claims that could have been, but were not, raised at trial or on direct appeal. "[T]o obtain collateral relief based on trial errors to which no contemporaneous objection was made, a convicted defendant must show both (1) 'cause' excusing his double procedural default, and (2) 'actual prejudice' resulting from the errors of which he complains." *Frady*, 456 U.S. at 167-68; *see also United States v. Kallestad*, 236 F.3d 225, 227 (5th Cir. 2000). The procedural default rule does not apply to claims that could not have been raised on direct appeal, such as ineffective assistance of counsel, when those claims require development of a factual record or are not discoverable until after appeal. *See, e.g., United States v. Marroquin*, 885 F.2d 1240, 1245-46 (5th Cir. 1989) (noting that a federal prisoner's double jeopardy challenge to multiple sentences would be more properly raised in a section 2255 motion than on direct appeal).

### III. The Sentencing Hearing

The presentence report described a cocaine distribution organization in which between 300 to 400 kilograms of cocaine were transported between Houston and Louisiana, Tennessee, Georgia, Pennsylvania, New York, Massachusetts, New Jersey, and Wisconsin. (Docket Entry No. 159, Presentence Investigation Report, p. 4). The drug warrants were based on drug seizures made between 1998 to May 2001. (*Id.*). Victor Mateo transported and distributed cocaine from Houston to Pennsylvania and also assisted in collecting and counting drug proceeds. (*Id.* at 13).

For guideline calculation purposes, Victor Mateo had a base offense level of 38. Mateo received a reduction of three offense levels for acceptance of responsibility. (*Id.*, p. 14). The total offense level of 35 and criminal history category of IV resulted in a guideline range of 235 to 293 months imprisonment. (*Id.* at 20).

Victor Mateo filed objections to the PSR. (Docket Entry No. 159). Counsel objected to the amount of drugs for which Mateo could be held accountable as relevant conduct, arguing that Mateo should only be held accountable for 20 to 25 kilograms, not 200 kilograms. At the sentencing hearing held on September 8, 2003, the court overruled the objection. The court concluded that facts established in the guilty plea and on reliable information in the PSR showed that Victor Mateo worked closely with his brother Vidal Mateo in arranging to receive, store, and distribute cocaine. Specifically, Victor Mateo was primarily responsible for transporting and distributing cocaine from Houston to Pennsylvania. For relevant-conduct purposes, the credible evidence supported holding

Mateo accountable for 200 kilograms of cocaine. (Docket Entry No. 257, p. 11). The court imposed a within-guidelines sentence of 235 months. (*Id.*, p. 12).

## IV. Analysis

Under *United States v. Melancon*, 972 F.2d 566, 567 (5th Cir. 1992), a defendant may waive his right to appeal as part of a plea agreement if the waiver is informed and voluntary. "It is up to the district court to insure that the defendant fully understands [his] right to appeal and the consequences of waiving that right." *United States v. Baty*, 980 F.2d 977, 979 (5th Cir. 1992). In *United States v. Wilkes*, 20 F.3d 651 (5th Cir. 1994), the Fifth Circuit addressed a waiver of a right to file a collateral challenge. The court stated:

> We are aware of no caselaw from this circuit squarely holding that § 2255 relief may be waived in a plea agreement. But, we see no principled means of distinguishing such a waiver from the waiver of a right to appeal. As a general matter, therefore-and at least under the facts and circumstances of this case-an informed and voluntary waiver of post-conviction relief is effective to bar such relief. Such a waiver may not always apply to a collateral attack based upon ineffective assistance of counsel, *see United States v. Abarca*, 985 F.2d 1012, 1014 (9th Cir. 1993), *cert. denied*, 508 U.S. 979, 113 S. Ct. 2980, 125 L. Ed.2d 677 (1993), but here the appropriateness of the waiver is beyond question.

*Wilkes*, 20 F.3d at 653.

Under *Wilkes*, a defendant may waive his right to file a section 2255 motion if the waiver is voluntary and informed, although such a waiver might not apply to an ineffective-assistance-of-counsel claim. *United States v. Wilkes*, 20 F.3d 651, 653 (5th Cir. 1994). A waiver tainted by the ineffective assistance of counsel is not enforceable. *United States v.*

*Henderson*, 72 F.3d 463, 465 (5th Cir. 1995). In *United States v. White*, 307 F.3d 336 (5th Cir. 2002), the Fifth Circuit held that an ineffective-assistance-of-counsel argument survives an appeal waiver when the assistance directly affected the validity of that waiver or of the plea itself. The Fifth Circuit explained:

> . . . impermissible boot-strapping arises where a waiver is sought to be enforced to bar a claim that the waiver itself-or the plea agreement of which it was a part-was unknowing or involuntary . . . Where the movant's claim does not involve that sort of boot-strapping, however, we see no need to except ineffective assistance of counsel claims from the general rule allowing defendants to waive their statutory rights so that they can reach a plea agreement if they wish. *See United States v. Melancon*, 972 F.2d 566, 567 (5th Cir. 1992). The Sixth Amendment right to effective assistance of counsel may also be waived, and thus need not be treated any differently. *See Johnson v. Zerbst*, 304 U.S. 458, 58 S. Ct. 1019, 1023, 82 L. Ed. 1461 (1938).

*White*, 307 F.3d at 343.

Other circuits also conclude that waivers of appeal remain valid unless ineffective assistance directly affects the knowing, voluntary nature of the waiver. The Fifth Circuit summarized the law of those circuits, as follows:

> In *Jones v. United States*, 167 F.3d 1142 (7th Cir. 1998), the court allowed a defendant to overcome a waiver and argue ineffective assistance of counsel in a section 2255 motion because the defendant alleged he received ineffective assistance in the negotiation of the agreement itself. *Id.* at 1145. The court compared that situation to cases where a waiver was procured through coercion or intimidation, in which it is "intuitive" that the waiver should not be enforced. *Id.* The *Jones* court was careful to limit its holding, however. "Mindful of the limited reach of this holding, we reiterate that waivers are enforceable as a general rule; the right to mount a collateral

> attack pursuant to § 2255 survives only with respect to those discrete claims which relate directly to the negotiation of the waiver." *Id.* The Seventh Circuit put teeth into that aside in *Mason v. United States*, 211 F.3d 1065 (7th Cir. 2000), in which the court held that the defendant's ineffective assistance claim merely challenged his attorney's performance at sentencing. The *Mason* court applied the *Jones* dictum and enforced the waiver.

*White*, 307 F.3d at 342.

To determine whether a waiver is enforceable, a court first asks whether the plea or waiver itself was knowing and voluntary, then whether the issue challenged on appeal may properly be the subject of waiver. If the answer to both questions is "yes," the waiver can be enforced. *White*, 307 F.3d at 343-44 (petitioner claimed ineffective assistance of counsel but did not claim that the waiver in his plea agreement was unknowing or involuntary; the Fifth Circuit affirmed the district court's denial of the section 2255 motion).

The record shows that as part of his written plea agreement, Victor Mateo waived his right to appeal his conviction or the manner in which his sentence was determined, and waived his right to file a collateral challenge to his conviction or sentence. The plea agreement provided in relevant part as follows:

> 9. The defendant is aware that the defendant's sentence will be imposed in accordance with the <u>Sentencing Guidelines and Policy Statements</u>. The defendant nonetheless acknowledges and agrees that the Court has jurisdiction and authority to impose any sentence within the statutory maximum set for the offense to which the defendant pleads guilty. The defendant is aware that Title 18, United States Code, Section 3742 affords a defendant the right to appeal the sentence imposed. Knowing that, the defendant waives the right to appeal the sentence (or the manner in which it was determined) on the grounds set forth

> in Title 18, United States Code, Section 3742 or on any ground whatever. This agreement does not affect the rights or obligations of the United States as set forth in Title 18, United States Code, Section 3742(b). Additionally the defendant waives any right to appeal his plea of guilty, his sentence, or his representation by counsel pursuant to Title 28, United States Code, Section 2255.
>
> 10. In agreeing to this waiver, the defendant is aware that a sentence has not yet been determined by the Court. The defendant is also aware that any estimate of the probable sentencing range under the sentencing guidelines that the defendant may have received from the defendant's counsel, the United States or the Probation Office, is a prediction, not a promise, and is not binding on the United States, the Probation Office or the Court. The United States does not make any promise or representation concerning what sentence the defendant will receive. Realizing the uncertainty in estimating what sentence the defendant will ultimately receive, the defendant knowingly waives the right to appeal the sentence in exchange for the concessions made by the United States in this plea agreement.

(Docket Entry No. 124, Plea Agreement, pp. 3-4).

The record shows that Mateo's plea and waiver were knowing and voluntary. The transcript of the rearraignment hearing shows that the court examined Mateo as to his competence, his understanding of the rights he was giving up by pleading guilty, the charges against him, the possible sentence, and the terms of the plea agreement. Mateo stated that he had a high school education; he could read and write Spanish; he could read and write English; the plea agreement was read aloud to him in Spanish; he had not been treated for mental illness; he was not addicted to any drugs or alcohol; he was not sick; he was not taking any medicines; he was not under the influence of drugs or alcoholic beverages; he had

had enough time to talk to his attorney; and he was satisfied with the advice of his counsel. (Docket Entry No. 256, pp. 6-8).

Mateo's counsel stated that his client understood the charges he faced and the punishment he faced; that counsel had had enough time to investigate the case; Mateo had cooperated with counsel; and he had no question as to Mateo's competence. (*Id.*, p. 9). The court found that Mateo was fully competent to enter a knowing, voluntary, and informed plea of guilty. (*Id.*, p. 10).

The court questioned Mateo at length as to his understanding of the rights he was giving up by pleading guilty. Mateo answered that he understood the rights he was waiving. Mateo stated that he understood the charge against him and that he faced a minimum sentence of five years and a maximum sentence of 40 years, as well as a fine of up to $2,000,000. (*Id.* at 15).

The court also reviewed with Victor Mateo the provisions of his written plea agreement, including the waivers. Mateo stated that he understood he was giving up his right to appeal or file later collateral challenges. (*Id.* at 20). Mateo also stated that he understood that even if the sentence was heavier than Mateo expected, he could not withdraw his plea, appeal, or file a later challenge except under very narrow circumstances. (*Id.* at 23-24). Mateo stated that he understood that he could not appeal or collaterally challenge his sentence if the court imposed a heavier sentence than he anticipated.

The Assistant United States Attorney summarized the facts relating to Victor Mateo's role in the conspiracy. Mateo stated that the facts alleged were true. (*Id.* at 27). Mateo

pleaded guilty to count III of the indictment. Mateo stated, under oath, that every allegation in count III was true and that everything the prosecutor said about Mateo's involvement was true. Victor Mateo stated that he was making his guilty plea freely and voluntarily; no one had forced or threatened him to enter his guilty plea; he was not pleading guilty to protect another person from prosecution; he was not pleading guilty because of any promise, other than what was in the guilty plea agreement; and he was pleading guilty because he was guilty and for no other reason. (*Id.* at 27-28). Counsel for Mateo stated that he knew no reason why his client should not plead guilty; knew of no meritorious defenses to count III; and knew of no additional admonishments. (*Id.* at 29). Mateo stated that he signed the plea agreement of his own free will.

The court found that Mateo was mentally competent to enter an informed plea; the plea was supported by independent facts that established the elements of the offense; the plea was voluntarily and knowingly made; and Mateo understood the nature of the proceedings and the consequences of the guilty plea. (*Id.* at 30). The court found that Mateo's guilty plea was knowing, voluntary, and informed.

In his section 2255 motion, Mateo states: "[i]n honesty, the movant pled guilty, and, as part of his guilty plea, he waived the right to appeal or file a 2255 motion." (Docket Entry No. 321, Section 2255 Motion, p. 6g). Mateo anticipates the government's argument that his waiver precludes him from filing this section 2255 motion. (*Id.*). Mateo argues that enforcement of the waiver prevents him from challenging the ineffective assistance of counsel that took place after the plea hearing. (*Id.*). Mateo apparently relies on the

dissenting opinion in *United States v. White*, 307 F.3d 336, 344 (5th Cir. 2002). Mateo's argument fails under *White*. Mateo's plea was knowing and voluntary.

Mateo complains of the ineffective assistance of trial and appellate counsel. As noted, defendants can waive their statutory rights, including ineffective assistance of counsel claims, to reach a plea agreement. *See United States v. Melancon*, 972 F.2d 566, 567 (5th Cir. 1992). Because the waiver was voluntary, informed, and knowing, it too is valid and enforceable. Mateo's plea agreement waiving his right to collaterally attack his conviction and/or sentence with a section 2255 motion is, on this record, enforceable. Mateo has not alleged that his plea agreement or the waivers he made were not knowing and voluntary. Mateo has not asserted ineffectiveness claims that bear on whether he entered into the plea agreement voluntarily and knowingly.

Because Mateo's ineffectiveness claims are not related to the execution of the plea agreement or the knowing and voluntary nature of either the guilty plea or his waiver of the right to file a section 2255 proceeding, the waiver is valid and enforceable. That waiver precludes consideration of the claims Victor Mateo raises in this section 2255 proceeding.

## V.   Conclusion

The government's motion for summary judgment, (Docket Entry No. 342), is granted. Victor Mateo's Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence, (Docket Entry No. 321), is denied. The corresponding civil action is dismissed with prejudice.

A section 2255 motion requires an evidentiary hearing unless the motion, the files, and the record conclusively show the prisoner is entitled to no relief. *United States v. Bartholomew*, 974 F.2d 39, 41 (5th Cir. 1992). Upon review of the motion to vacate and the files and records of this case, this court finds that an evidentiary hearing is unnecessary. The matters reviewed by the court conclusively show that Mateo is entitled to no relief.

Under the AEDPA, a petitioner must obtain a certificate of appealability. 28 U.S.C. § 2253(c)(1). A certificate of appealability requires "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). The petitioner must demonstrate that "reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). When the district court has denied a claim on procedural grounds, the petitioner must also demonstrate that "jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Id.* A certificate of appealability is "a jurisdictional prerequisite" for an appeal on the merits by a habeas petitioner. *Miller-El v. Cockrell*, 537 U.S. 322 (2003). When considering a request for a COA, "[t]he question is the debatability of the underlying constitutional claim, not the resolution of that debate." *Id.* at 1042.

Because Mateo has not made the necessary showing, this court will not issue a certificate of appealability.

Final judgment will issue by separate order.

SIGNED on September 24, 2007, at Houston, Texas.

_____
Lee H. Rosenthal
United States District Judge